# United States District Court
## Western District of Virginia
### Harrisonburg Division

|  |  |  |
|---|---|---|
| **LINDA K. WICHAEL**, | ) ) ) ) | Civil No.: 5:10cv00039 |
| *Plaintiff*, | ) ) | |
| v. | ) ) | REPORT AND RECOMENDATION |
| **MICHAEL ASTRUE**, Commissioner of Social Security, | ) ) ) ) | By:  Hon. James G. Welsh |
| *Defendant,* | ) ) | U. S. Magistrate Judge |

This civil action instituted by the plaintiff, Linda K. Wichael, challenges the final decision administrative of the Commissioner of the Social Security Administration ("the agency") denying her claim of entitlement of disability insurance benefits ("DIB") under Title II of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 416 and 423.  Jurisdiction of the court is pursuant to 42 U.S.C. § 405(g).

In her application the plaintiff alleges a January 15, 2006 disability onset date[1] due to back pain and the side effects of medication prescribed for her long-standing affective disorder. (R.11,85,91,100.135.)   Her application was denied initially, on reconsideration, and following an administrative hearing. (R.11-23,24-62,179.)   In his March 13, 2008 written decision, the administrative law judge ("ALJ") concluded that the plaintiff retained the functional ability to perform a limited range of work at a medium exertional level, which could accommodate her mild

---

[1] As the Commissioner points-out in his brief, this alleged onset date is the same day she was fired from her nursing job due to an earlier assault charge that was disclosed during a background investigation. (*See* R.27,100,212.)

to moderate limitations due to a personality disorder. (R.12-15.) The plaintiff's subsequent request for Appeals Council was denied the plaintiff's request for review of the hearing decision (R.1-4), and the ALJ's written decision now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

The Commissioner has filed a certified copy of the Administrative Record ("R"), which includes the evidentiary basis for the findings and conclusions set forth in the Commissioner's final decision. By an order of referral entered on August 20, 2010 this case is before the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Both parties have since moved for summary judgment; each has filed a supporting memorandum of points and authorities, and no timely request was made for oral argument.

**I.  Summary Recommendation**

Based on a thorough review of the administrative record and for the reasons herein set forth, it is recommended that the plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

**II. Standard of Review**

The court's review in this case is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the statutory conditions for entitlement to a period of DIB. "Under the . . . Act, [a reviewing court] must uphold the factual findings of the [Commissioner], if they are supported by substantial

evidence and were reached through application of the correct legal standard." *Mastro v. Apfel*, 270 F.3$^d$ 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3$^d$ 585, 589 (4$^{th}$Cir. 1996)). This standard of review is more deferential than de novo. "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro*, 270 F.3$^d$at 176 (quoting *Laws v. Celebrezze*, 368 F.2$^d$640, 642 (4$^{th}$Cir. 1966)). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id*. (quoting Craig v. Chater, 76 F.3d at 589). Nevertheless, the court "must not abdicate [its] traditional functions," and it "cannot escape [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2$^d$396, 397 (4$^{th}$Cir. 1974). The Commissioner's conclusions of law are, however, not subject to the same deferential standard and are subject to plenary review. *See Island Creek Coal Company v. Compton,* 211 F.3$^d$203, 208 (4$^{th}$Cir. 2000); 42 U.S.C. § 405(g).

## III.    ALJ Findings

Based on a detailed review of the plaintiff's medical information and utilizing the agency's standard sequential evaluation process[2] which took into account the plaintiff's vocational profile,[3] *inter alia* the ALJ made the following findings: (1) the plaintiff met the DIB insured

---

[2] To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of impairments found at 20 C.F.R. Part 4, Subpt. P, Appx. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents her from doing substantial gainful employment. 20 C.F.R. § 404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §.404.1503(a); *Hall v. Harris,* 658 F.2$^d$ 260 (4th Cir. 1981).

[3] At the time of the administrative hearing the plaintiff was forty-four (44) years of age and classified as a younger worker; she has a college education, and she has significant experience as a registered nurse. (R.42,101,105.)

status requirements through December 31, 2010; (2) her "severe" impairments included a major depressive disorder, a personality disorder/ impulse control disorder, obesity, degenerative disc disease, and a history of cannabis/methamphetamine abuse; (3) these impairments, neither singularly nor in combination meet or equal the severity of a listed impairment;[4] (4) she cannot perform any of her past relevant work as a registered nurse; and (5) through the decision date she retained the functional ability to perform the exertional and non-exertional requirements of a range of exertionally medium, light and sedentary jobs, including such representative occupations such as a receptionist, an information clerk, or an inspector position in a variety of mechanical or industrial settings. (R.13-25; *see also* 41-44,255-256.)

IV.  **Pertinent Facts and Analysis**

**A.**

The plaintiff's medical record show a history of obesity, chronic lower back pain, temper problems, cannabis abuse, and the use of Effexor for more than twenty years to manage her stress. (R.208-211,213-217,226-230,280,319-322,330-340.) In contrast, it contains no hospitalizations or referrals for treatment of obesity, for high blood pressure management, for substance abuse treatment, for back pain treatment, or for any other physical ailment. (*See e.g.,* 204-206,208,212, 218,235-236,255-256,280-281,340,349,362-364,366.) Moreover, on November 11, 2007, the date that she was most recently seen by her primary care physician, William Toomey, M.D., she had no

---

[4] The adult impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1, are descriptions of approximately 125 physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect. "Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a [person] to show that his or her impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *See* Social Security Ruling (SSR) 83-19."*Sullivan v. Zebley*, 493 U.S. 521, 529-530 (1990).

symptoms, was "feeling" no pain, and had "no problems consistent with her being disabled." (R.340.)

Therefore, despite the plaintiff's assertion in her brief that she has a disabling combination of physical conditions, including "bulging (*sic*) discs, multilevel degenerative disc disease, leg pain, back pain, . . . reflux, . . . fatigue, . . . inability to concentrate, [and] disabling pain," the medical record is utterly devoid of any objective basis for any part of this assertion. As the Commissioner points-out in his brief, this contention is at best "misleading," "meritless," and supported by no reference to any entry in the medical record. In fact, the record shows that the plaintiff has explicitly denied having pain, fatigue or concentration difficulties. (R.340,362,365.) Moreover, this assertion is directly contradicted by what Dr. Toomey told her on November 11, 2008 (R.340) and by what Dr. Wynne had earlier told her about her ability and need to find non-nursing work. (R.212,216,219)

**B.**

The plaintiff's claim that her mental health issues are similarly of disabling severity due to "anxiety, depression, . . . mood swings, [and] poor impulse control" are equally without merit. Since 2001 she has been seen by Marigail Wynne, M.D., for medication management. (R.236.) Her treatment has been conservative; she has required no hospitalizations; she has never experienced a manic episode or required a mood stabilizer, and she has exhibited no signs of an affective problem. (R.214-217,219,278-279,322-324,335-336,363.) Moreover, in the most recent mental health treatment note recorded by Dr. Wynne's replacement (Dr. Rachael Higginbotham), she stated that she was experiencing no depressive symptomology and was tolerating well the multiple stressors in her life. (R.363-364.)

The complete lack of any merit in the plaintiff's mental health claim is also evident from Dr. Wynne's functional assessment dated October 16, 2007. (R.314-318.) In addition to reporting that the plaintiff felt she was not in need of mental health counseling, Dr. Wynne also reported that the plaintiff had not experienced any anxiety or depression for some time and that over the course of both the preceding year and the currently the plaintiff was functioning at 70 on the GAF scale.[5] (R.314.)

## C.

The plaintiff's vague assertions that she has a listing-level impairment and is the victim of inadequate questioning of the vocational witness are also solely her own conclusory assertions. She has neither identified any portions of the record nor otherwise suggested any evidence which contradicts the relevant findings and conclusions of the ALJ. Instead, she leaves it to the court to construct a lack of substantial evidence argument from these self-serving statements. Given the court's obligation to affirm the Commissioner's final decision if it is supported by substantial evidence and given the plaintiff's burden of proof, it necessarily follows that it is her obligation to demonstrate that the ALJ's step three and residual functional capacity determinations were not supported by substantial evidence. *See Vandenboom v. Barnhart*. 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's "conclusory assertion" that the ALJ failed to consider whether he met a mental impairment listing because he provided the court with "no analysis of the relevant law or facts" and also rejecting the plaintiff's separate claim of a defective residual

---

[5] The Global Assessment of Functioning ("GAF") is a numeric scale which ranges from zero to 100 and is used by mental health clinicians and doctors to represent a judgment of an adult individual's overall level of "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"), 32 (American Psychiatric Association 1994). A specific GAF score of 61 to 70 indicates "some mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy or theft within the household), but generally functioning pretty well [and] has some meaningful interpersonal relationships." DSM-IV at 32.

functional capacity determination because the ALJ's hypothetical question needs only to include "those impairments and limitations he found to be credible").

### D.

The recommendation that the Commissioner's final decision be affirmed does not suggest that the plaintiff is totally free of pain and subjective discomfort or does not have very real mental health issues. The objective medical record, however, simply fails to document the existence of any condition which reasonably would be expected to result in total disability from all forms of substantial gainful employment.

## V. Proposed Findings of Fact

As supplemented by the above summary and analysis and on the basis of a careful and thorough examination of the full administrative record, the undersigned submits the following formal findings, conclusions and recommendations:

1. The Commissioner's final decision is in all respects supported by substantial evidence;

2. The ALJ gave proper consideration to the objective and subjective evidence in making his adjudication of the plaintiff's claims;

3. The ALJ gave the requisite consideration and weight to the opinions of all treating providers;

4. Substantial evidence in the record supports the finding that through the decision date the plaintiff was not disabled within the meaning of the Act;

5. The plaintiff has not met her burden of proving a disabling condition on or before the date of the ALJ's written decision;

6. All facets of the Commissioner's final decision in this case are supported by substantial evidence, and it should be affirmed.

## VI. Recommended Disposition

For the foregoing reasons, it is RECOMMENDED that an order be entered AFFIRMING the final decision of the Commissioner, GRANTING JUDGMENT to the defendant, and DISMISSING this case from the docket of the court.

The clerk is directed to transmit the record in this case immediately to the presiding United States district judge and to transmit a copy of this Report and Recommendation to all counsel of record.

## VII. Notice to the Parties

Both sides are reminded that pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: 25th day of May 2011.

/s/ James G. Welsh
United States Magistrate Judge